SAMUEL FESSENDEN & *als. versus* MOSES CHESLEY & *als.*

Where a debtor under the R. S. chap. 148, discloses notes, accounts and executions, and the oath is administered to him without any measures taken on his part, to have an appraisal of the property, the condition of the bond is not thereby fulfilled.

DEBT, on a poor debtor's bond. The action was tried before GOODENOW, J., June term, 1848, when the defendants set up a performance of one of the conditions of the bond.

The debtor duly cited the creditors, within the six months allowed him by his bond, and made a disclosure of his business affairs, before two justices of the peace and quorum. From his disclosure, it appeared that he had notes, accounts and executions in his hands to the amount of four hundred dollars, belonging to him.

The justices thereupon decided, that he was entitled to have the oath prescribed by the R. S. administered, and they did administer it, and made a proper record of their doings.

The attorney of the plaintiffs was present and after the disclosure and before the oath was administered, did object to their allowing the debtor to take the oath, but did not call for an appraisement of said demands, nor in his argument make any objection because the demands were not appraised.

There was evidence that the said notes, accounts and executions were of no value at the time of the debtor's discharge, or at the time of the trial.

The Court thereon ordered a judgment for the defendants, from which order and judgment, the plaintiffs appealed.

The parties agreed that if upon this statement the order and ruling of the Court below was right, the judgment should be affi med, but if otherwise, the action was to stand for trial.

*Dunn,* for defendants, submitted the case without argument.

*Fessenden & Deblois, pro se.*

1. There being certain notes and executions disclosed by Chesley, the execution debtor, it was his duty to have them appraised, and by not doing so the bond became forfeited. R.

S. c. 148, § 29; 1839 statutes, c. 412; *Metcalf* v. *Hilton*, 26 Maine, 200; *Harding* v. *Butler*, 21 Maine, 191.

2. The decision in *Harding* v. *Butler*, was made under statute of 1839. The language is the same in the Revised Statutes; and the Court, in the case of *Metcalf* v. *Hilton*, refer to the case of *Harding* v. *Butler*.

3. The evidence of the demands disclosed at the time of trial, being worthless, makes no difference, as they might subsequently become good, and if so, then if appraised and set off, might have been valuable to the plaintiff.

The question arising under the act of August 11, 1848, relates only to the amount of damage.

WELLS, J. orally. — In this case the judgment debtor disclosed notes, accounts and executions as his property, which the R. S. require to be appraised, and without any appraisal, the oath was administered to him. This proceeding was void, and the condition of the bond was not performed by taking the oath under this state of facts. Evidence of worthlessness of those demands was introduced in the trial below, and the Court ruled that the action could not be supported. This was before the act of 1848, under which act the whole matter is open to the jury. According to the agreement of the parties,

*The case must stand for trial.*